UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
**FILED**
JUN 1 4 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-395-GWU

DONNA J. HAMM, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

> Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

# Case: 6:05-cv-00395-GWU Doc #: 11 Filed: 06/14/06 Page: 5 of 11 - Page ID#: 64
Hamm

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge concluded that Hamm, a 50 year-old former assembly line worker and grocery store owner/operator with a high school education, suffered from impairments related to obesity, right knee pain, being status post open reduction and internal fixation of a femur fracture, osteoarthritis of the hands, neck, shoulders, and feet, possible fibromyalgia, dysthymia, a conversion disorder, an anxiety disorder and hammer toes. (Tr. 28-29, 383). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of sedentary level work. (Tr. 384). Based upon application of Rule 201.14 of the Medical-Vocational guidelines, the claimant would be considered totally disabled as of her 50th birthday on November 18, 2002. (Tr. 384). Prior to this date, the ALJ determined that a significant number of jobs remained available and, so, she could not be considered totally disabled. (Tr. 384).

Hamm

The ALJ based this unfavorable portion of the administrative decision upon the information provided by a vocational expert. (Tr. 383).

Hamm alleged a disability onset date of May 29, 1996 on her applications for DIB and for SSI. (Tr. 118, 352). The plaintiff had previously been denied Social Security benefits in an administrative decision final as of August 27, 1997. (Tr. 379). This denial decision was not reopened by the ALJ. (Tr. 380). The claimant's DIB-insured status expired on September 30, 1999. (Tr. 380). Thus, Hamm must prove she became disabled between August 28, 1997 and September 30, 1999 to qualify for DIB. The relevant time period for SSI consideration runs from her March 14, 2000 application filing date through November 17, 2002.

This action was previously remanded to the Commissioner because the hypothetical question presented to Vocational Expert Maureen Sinclair did not fairly characterize Hamm's mental condition. (Tr. 398-399). Dr. Karen Saylor, a treating source, as well as Psychologists Thompson Prout and Ann Demaree, the non-examining medical reviewers, all reported the existence of more severe mental limitations than those found by the ALJ. (Tr. 399). Thus, the hypothetical question did not fairly characterize the plaintiff's mental status.

Upon remand, Hamm was examined by Psychologist George Lester. Lester opined that the plaintiff would have "slight to moderate" impairments in such areas as interacting appropriately with the public, interacting appropriately with supervisors,

8

Hamm

and responding appropriately to work pressures in the work setting. (Tr. 439). The administrative regulations provide that more weight is generally given to specialists with regard to their area of expertise. 20 C.F.R. Section 404.1527(d)(5). Lester's opinion offsets that of Dr. Saylor since she was not a mental health specialist. The administrative regulations also provide that more weight is usually assigned to an examiner over that of a non-examining source. 20 C.F.R. Section 404.1527(d) Thus, Lester's opinion is entitled to more weight than the medical reviewers.

The hypothetical question presented to Vocational Expert Ralph Crystal at the May, 2003 administrative hearing included such mental limitations as (1) a restriction to low stress entry-level work with simple one-two-three step procedures; (2) no changes in work routines; (3) no rigid production schedules or fast-paced assembly lines; and (4) "moderate" limitations in such areas as understanding, remembering and carrying out detailed instructions, dealing with work pressures, maintaining attention and concentration for extended time periods, and dealing with the general public, co-workers or supervisors.[1] (Tr. 466-467). These limitations essentially included all of the mental limitations found by Lester. Therefore, the ALJ dealt properly with the evidence of record relating to the claimant's mental condition.

---

[1] A limitation concerning a "moderately" limited ability to complete a normal workday or workweek without interruption from psychologically-based symptoms was initially presented but ultimately not included as a finding by the ALJ.

9

Hamm

Unfortunately, the hypothetical question presented to Crystal did not fairly characterize Hamm's physical condition. The physical factors presented to the vocational expert included an exertional limitation to sedentary level work along with such non-exertional restrictions as (1) an inability to ever stoop, crouch, kneel, crawl, squat, or climb ladders, ropes and scaffolds; (2) an inability to more than occasionally balance; (3) a "limited" ability to reach, handle, push, or pull with the upper extremities; (4) an inability to more than occasionally perform non-repetitive bending and twisting and (5) an inability to perform aerobic activities. (Tr. 466). However, Dr. William Lester, an examining consultant, indicated that the plaintiff would also need to be able to change position from sitting to standing in one-hour intervals, a limitation not presented to Crystal. (Tr. 327). The only other treating or examining physician to identify specific functional limitations was Dr. Saylor whose various restrictions were more severe than those presented to the vocational expert at the most recent hearing. (Tr. 270, 337-338, 440-441). The ALJ rejected Dr. Saylor's opinion as binding because he believed that it was based primarily on subjective complaints rather than objective testing as an accommodation to the claimant. (Tr. 382). Even if this action were appropriate, the ALJ should at least have relied upon the opinion of Dr. Lester, the only other examining source.

The Court notes that Dr. Gary Higgason (Tr. 301-308) and Dr. Kenneth Phillips (Tr. 328-336), the non-examining medical reviewers, each identified less

10

Hamm

severe physical restrictions than the examining sources. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In this action, neither reviewer articulated reasons why Dr. Lester's restrictions concerning sitting and standing were not appropriate. Therefore, these reports do not provide support for the administrative decision and a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 14 day of June, 2006.

G. WIX UNTHANK
SENIOR JUDGE